**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TONI TATE, for herself and behalf of her minor child, CALI MCCULLER; CHRISTOPHER HARBIN; and CIERRA HARBIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 19-cv-07506 |
| v. | ) ) | Judge Thomas P. Durkin |
| THE CITY OF CHICAGO; Chicago police officers SUZANNE L. NIEMOTH (Star #17958); JESSE ALVAREZ (Star #197); JEREMY D. ARRINGTON (#16330); OSCAR BENAVIDES (#4839); ANTHONY P. BRUNO (#1123); YVETTE CARRANZA (#13435); DANIELLE M. CUSIMANO (#16619); VICTOR J. GUEBARA (#17147); HORST E. HEGEWALD (#18609); BRENDAN T. MULLIGAN (#10132); SEAN RYAN (#13198); JEFFERY A. SHAFER (#17177); MATTHEW J. SIEBER (#10163); CURTIS L. WEATHERSBY (# 7866); and OTHER, CURRENTLY UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Young B. Kim

Jury Demanded |
| Defendants. | ) ) ) | |

**PLAINTIFFS' AGREED MOTION FOR APPROVAL OF SETTLEMENT
INVOLVING A MINOR PLAINTIFF**

Pursuant to Local Rule 17.1, plaintiffs respectfully move this Court, with the

agreement of all defendants, for entry of a Minute Order approving the terms of defendants'

proposed offer of judgment to plaintiffs. In support of this motion, plaintiffs state as follows:

**I. INTRODUCTION**

On June 10, 2022 and pursuant to Fed. R. Civ. Pro. 68, defendants formally

extended an offer of judgment to plaintiffs. (Exhibit A). Plaintiffs provided written notice of

acceptance of the offer on June 14, contingent on this Court's approval of the settlement, which

involves a minor plaintiff (Cali McCuller). (Exhibits B and C). Because Cali is a minor, Court approval of the settlement, including the proposed allocation of proceeds, is required. *See* Local Rule 17.1. Plaintiffs request that the Court enter a Minute order approving the settlement, including the allocation, as offered and conditionally accepted by plaintiffs and plaintiffs' counsel. (Exhibits A, B and C).

## II.     APPLICABLE LAW

Northern District of Illinois Local Rule 17.1 states that any proposed settlement of an action brought on behalf of a legal infant "shall not become final without written approval by the court in the form of an order…." *See* L.R. 17.1. That rule also provides that the Court "may authorize payment of reasonable attorney's fees and expenses from the amount realized in such an action." *Id*. Federal district courts have inherent authority to approve the settlements of minor's claims that were litigated in federal court. *Goesel v. Boley Int'l (H.K.) Ltd*., 806 F. 3d 414, 418 (7th Cir., 2015); *Robidoux v. Rosengran*, 638 F. 3d 1177, 1181 (9th Cir. 2010). The Illinois Probate Act also requires court approval of a settlement of a minor's claim before the settlement can be finalized (but does not require an estate to be opened unless the settlement amount is greater than $10,000). 755 ILCS 5/19-8 ("By leave of court… a representative may… compromise any claim… of the ward… in any personal estate upon such terms as the court directs").

In the context of proposed settlements in suits involving minor plaintiffs, a district court is required to conduct its own inquiry "to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengran*, 638 F. 3d at 1181, *quoting Dacanay v. Mendoza*, 573 F. 2d 1075, 1080 (9th Cir. 1978). The scope of this review is limited to the question of whether the net amount to be distributed to the minor plaintiff(s) in the settlement is fair and

reasonable, in light of the facts of the case, the minor's specific claim(s), and recovery in similar cases. *Id*. at 1182. In other words, the district court should evaluate the fairness of the minor plaintiff's net recovery without regard to the proportion of the total settlement value the parties agree to designate for adult co-plaintiffs and attorney's fees. *Id.* "The fairness determination is an independent, not a comparative, inquiry." *Id*.

## III.    CASE BACKGROUND

Plaintiffs filed this action consisting of both federal and state law claims against defendants in 2019, based on events that Plaintiffs alleged occurred in their apartment at 6134 S. Vernon in Chicago on August 5, 2019. In summary, plaintiffs allege that defendant officers mistakenly targeted ther home with a search warrant and unnecessary pointed guns at and/or handcuffed plaintiffs. Plaintiffs alleged that one or more defendant officers pointed firearms at Cali, who was 11-weeks old at the time. Cali, now three-years-old, is Toni Tate's daughter and lives with her mother. Toni Tate works full-time as a Phlebotomist and provides all childare for Cali herself. Plaintiffs alleged that defendants' conduct caused serious traumatic stress symptoms for plaintiffs, including Cali.

Plaintiffs also brought a *Monell* claim against defendant City of Chicago, which the Court bifurcated after briefing. The Court denied defendants' motions to dismiss. Plaintiffs have twice amended the complaint, and the parties conducted extensive discovery before engaging in settlement discussions.

During discovery to date, plaintiffs have not been able as yet to find signs evidence that Cali was harmed by officers' conduct during the incident. According to family members, caretakers and a doctor, she does not yet show signs of long-term traumatic distress.

## IV.    PROPOSED SETTLEMENT AND DIVISION OF SETTLEMENT PROCEEDS

A.    **Proposed Settlement Terms**

Under the terms of the offer of judgment, the City would pay $325,000.00, inclusive of damages and attorney's fees and costs, within 60 days of the entry of judgment by the Court.  The proposed settlement disposes of all claims against all defendants.

B.    **Division of Settlement Proceeds Among Plaintiffs**

Plaintiffs and plaintiffs' counsel have agreed on the relative share of settlement proceeds that each plaintiff is to receive, as well as on the apportionment for payment of plaintiffs' attorneys' fees and costs, pursuant to the attorney-client agreement.  (Exhibit C). After the agreed-upon deduction for attorney's fees and costs pursuant to the plaintiffs'' attorney-client agreement, the plaintiffs' collective share of the settlement comes to $216,064.19. After considering the relative harms to each plaintiff, plaintiffs' counsel recommended and all plaintiffs subsequently agreed that this amount will be divided, distributed and paid out to each plaintiff as follows:

- Toni Tate - $71,021.40

- Cali McCuller - $1,000

- Christopher Harbin - $72,021.39

- Cierra Harbin - $72,021.39

As explained above, to date plaintiffs have not been able to uncover any evidence that Cali, who was just 6-weeks old on the incident date, was injured.  However, the remaining plaintiffs, who were fully consious adults at the time, remember and continue to experience the traumatic effects of the incident.  They experienced officers point their guns directly at them and at their close relatives, shout and curse at them, and handcuff and detain them.  Accordingly, under the proposed settlement, Cali would receive a small share of the settlement compared to the other

plaintiffs, who would receive equal shares.  Under the particular facts of this case, plaintiffs and their attorneys believe this is a fair and reasonable distribution.

### C.   Attorney's Fees and Costs

The total share of the proposed settlement allocated for plaintiffs' attorney's fees and costs is $108,333.33 and $602.48, respectively.  Plaintiffs have been represented by the Law Offices of Al Hofeld, Jr., LLC.  The Hofeld firm accepted plaintiffs' case on a purely contingent fee basis for 1/3 of the recovery in a settlement.  The Hofeld firm's retainer agreement provides that the firm will pursue and receive its Statutory Fee loadstar, if possible, but in no event shall receive less than 1/3 of the total settlement amount.  The Hofeld firm's work in this case was necessary to move the case to the successful outcome it ultimately reached.

On and before June 14, 2022, plaintiffs consulted with all defendants, and defendants have no objection to plaintiffs' request for approval of the settlement, including the proposed distribution of settlement proceeds and attorney's fees and costs.

WHEREFORE, plaintiffs respectfully request that the Court enter:  1) a Minute Order approving plaintiffs' conditional acceptance of the proposed offer of judgment; 2) an Order of judgment as to all defendants in the amount of $325,000; and 3) grant any other or further relief that the Court deems just.

Respectfully submitted,

/s/ Al Hofeld, Jr.
Al Hofeld, Jr.

*Plaintiffs' Counsel*
Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite #3120
Chicago, Illinois 60602
(773) 241-5844
Fax – 312-372-1766
al@alhofeldlaw.com

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**
**BY ELECTRONIC MEANS**

I, Al Hofeld Jr., attorney for plaintiffs, hereby certify that on June 14, 2022, filing and service of the foregoing ***Plaintiffs' Agreed Motion for Approval of Settlement Involving A Minor Plaintiff***, was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite #3120
Chicago, Illinois 60602
(773) 241-5844
Fax – 312-372-1766
al@alhofeldlaw.com

6